IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DANIEL E. THOMAS,

        Defendant.

No. CIV S-10-0652 LKK EFB PS

ORDER TO SHOW CAUSE

      This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On March 19, 2010, the assigned district judge issued an order setting a status (pretrial scheduling) conference for May 24, 2010 and directing the parties to file a status report within fourteen days of the scheduled conference. Dckt. No. 3 at 3-5. On May 17, 2010, plaintiff filed a status report in accordance with the March 19 order; however, no such status report was filed by defendant.

      In light of the referral of this action to the undersigned, the May 24 status conference was vacated by the district judge. Dckt. No. 10. On May 25, 2010, the undersigned issued an order directing defendant to file, on or before June 16, 2010, a status report addressing the issues raised in the district judge's March 19, 2010 order, Dckt. No. 3 at 3-5.[1] Dckt. No. 14. The order

---

[1] The May 25, 2010 order did not re-schedule the status conference.

1

admonished defendant that he must comply with the procedural rules and stated that "[f]ailing to obey federal or local rules, or order of this court, may result in sanctions, including dismissal of the action or the entry of default judgment against defendant." *Id.* (citing E.D. Cal. L.R. 110).

On June 22, 2010, because defendant failed to file a status report, as required by the May 25, 2010 order, the undersigned ordered defendant to file a status report on or before July 7, 2010, and ordered defendant to show cause on or before July 7, 2010 why he should not be sanctioned for his failure to comply with the May 25, 2010 order. Dckt. No. 17 (citing E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")).

The deadline has passed and the docket reveals that defendant still has not filed a status report in this action. Instead, on July 6, 2010, defendant filed a notice of conditional acceptance of the order to show cause, Dckt. No. 19, and on July 7, 2010, defendant filed a notice of disposition and settlement of this case, Dckt. No. 18. Defendant contends that this case has settled, that the case should be dismissed with prejudice, and that the order to file a status report should be cancelled for lack of jurisdiction. Dckt. No. 18. However, defendant has not shown that plaintiff has stipulated to such settlement or to dismissal of the action and has not shown that this court lacks jurisdiction over the action.[2] Therefore, defendant is still obligated to file a status report, as required by the May 25 and June 22 orders, and to respond to the June 22 order to show cause. Defendant will be given one additional chance to do so.

////

---

[2] If the parties have in fact reached a settlement or if plaintiff does agree to a voluntary dismissal of this action, plaintiff shall notify the court of that fact as soon as possible.

1     Accordingly, IT IS HEREBY ORDERED that:

2     1. On or before August 4, 2010, defendant shall file a status report addressing the issues
3  raised in the district judge's March 19, 2010 order, Dckt. No. 3 at 3-5.

4     2. On or before August 4, 2010, defendant shall show cause, in writing, why sanctions
5  should not be imposed for his failure to comply with the May 25, 2010 and June 22, 2010 orders.

6     3. Plaintiff is not required to file a further status report or a response to defendant's
7  status report, but if it elects to do so, any such status report or response to defendant's status
8  report shall be filed on or before August 11, 2010.

9     4. Failure of defendant to comply with this order will result in the imposition of
10 sanctions, including a recommendation for entry of default against defendant.

11 DATED: July 14, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3