IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CIV S-10-0652 LKK EFB PS |
| vs. | |
| DANIEL E. THOMAS, | ORDER AND |
| Defendant. | FINDINGS AND RECOMMENDATIONS |

This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Presently pending for decision is plaintiff's motion for summary judgment, which is noticed for hearing on January 5, 2011. The court has determined that oral argument will not materially assist in resolving the motion and, accordingly, the January 5 hearing on the motion is vacated pursuant to Local Rule 230(g). The court has carefully reviewed the pleadings and evidence on file and finds that for the reasons stated below plaintiff's motion for summary judgment must be granted.

I.   BACKGROUND

Defendant Thomas filed a Uniform Commercial Code ("UCC") financial statement against a federal employee. Plaintiff, the United States, "brings this action to obtain a judicial declaration that a document filed by defendant Daniel E. Thomas with the Secretary of State for

1

the State of California against an employee of the United States is null, void, and without legal effect; and to enjoin the defendant from all future filings of similar documents." Dckt. No. 4 at 1 (Amended Complaint filed on March 31, 2010).

On September 29, 2010, plaintiff filed a motion for summary judgment and noticed the motion for hearing before the undersigned on December 1, 2010. Dckt. No. 23. Defendant failed to file an opposition or a statement of non-opposition to plaintiff's motion for summary judgment, in violation of Local Rules 230(c) and 260(b).[1] Accordingly, on November 23, 2010, the court issued an order explaining the requirements set forth in Local Rules 230(c) and 260(b); continuing the hearing on plaintiff's motion for summary judgment to January 5, 2011; ordering defendant to show cause why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion; and directing defendant to file an opposition to the motion, or a statement of non-opposition thereto, and a response to plaintiff's statement of undisputed facts, no later than December 22, 2010. Dckt. No. 26. The order further provided that "[a] failure to comply with this order may result in a recommendation that plaintiff's motion for summary judgment be granted." *Id.*

On November 24, 2010, defendant filed a "Notice of Change of Filing," indicating that he had "changed [his] UCC filing to include the remedy for Ms. Green in the collateral description," and an attached UCC filing which stated that the lien "will be released upon proof of discharge by the Debtor in the form of a RELEASE OF FEDERAL TAX LIENS and/or Paid in Full Receipt." Dckt. No. 27. Also on November 24, 2010, defendant filed a letter with the court, stating that "If bonds or other instruments have already been issued for this case number, upon presentment of a signed invoice from the real party in interest or your court finance department, I will assist them to balance their books." Dckt. No. 28. Then, on December 9, 2010, defendant filed a "Notice of Conditional Acceptance" of the November 23 order to show

---

[1] Instead, on October 12, 2010, defendant filed a "Notice of Conditional Acceptance" of the summary judgment motion. Dckt. No. 24.

2

cause, in which he stated that he is "willing to work in good faith and release the lien against Ms. Green" and that "[a]ll that is necessary to ensure the release would be a return of [defendant's] original signature instruments." Dckt. No. 29. Defendant also states that if the instruments are no longer physically available, he "will accept evidence of a credit to [his] account." *Id.* However, defendant still has not filed an opposition or a statement of non-opposition to the pending motion, a response to plaintiff's statement of undisputed facts, or a response to the November 23 order to show cause.

II. MOTION FOR SUMMARY JUDGMENT

Plaintiff moves for summary judgment against defendant "declaring that the UCC Financing Statement filed by defendant Daniel Thomas against a federal government employee is null, void, and of no legal effect, and enjoining Thomas from filing similar sham UCC Financing Statements in the future." Dckt. No. 23 at 1. Plaintiff requests the entry of a permanent injunction pursuant to 26 U.S.C. § 7402(a). *Id.*

A. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Summary judgment avoids unnecessary trials in cases with no genuinely disputed material facts. *See N.W. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over material facts; e.g., issues that can only be determined through presentation of testimony at trial such as the credibility of conflicting testimony over facts that make a difference in the outcome. *Celotex*, 477 U.S. at 323.

If the moving party meets its initial responsibility, the opposing party must establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To overcome summary judgment, the opposing party must demonstrate a factual dispute that is both material, i.e. it affects the outcome of the claim under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).   In attempting to establish the existence of a factual dispute that is genuine, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n.11.

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  *See Anderson*, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  *See Matsushita*, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is

4

some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

B.     Facts

Based on the pleadings and evidence on file in this action, the court finds the following facts to be undisputed:

In the course of her official Internal Revenue Service ("IRS") duties, Program Manager Maureen Green's name was automatically listed on correspondence mailed to Daniel Thomas by the Ogden Compliance Services Center. Pl.'s Stmt. of Undisputed Facts ("SUF") ¶ 1.[2] On November 9, 2009, Daniel Thomas filed with the Secretary of State for the State of California a UCC Financing Statement, Filing Number 09-7213853957, falsely describing Maureen Green as a debtor. SUF ¶ 2.

Program Manager Green is not personally acquainted with Daniel Thomas and she has not had any contact or relationship with her other than in her official capacity as a Program Manager. Program Manager Green has not engaged in any contract, security agreement, or personal transaction with Daniel Thomas and does not owe money to him. There is no legitimate reason for Daniel Thomas to impose a lien on Program Manager Green's personal property. SUF ¶ 3.

Program Manager Green is aware of the false UCC Financing Statement that Daniel Thomas filed against her with the California Secretary of State. The Financing Statement has caused her to experience distress and anxiety. For example, Program Manager Green is concerned that the Financing Statement may have a negative impact on her permanent credit record. SUF ¶ 4.

////

---

[2] All citations to the Statement of Undisputed Facts herein incorporate by reference those citations stated in the SUF in support of each undisputed fact.

5

### C. Analysis

For the reasons discussed below, plaintiff has met its summary judgment burden by establishing that there is no genuine issue of material fact regarding whether defendant has interfered with the administration and enforcement of the internal revenue laws by filing an invalid UCC Financing Statement in retaliation for Program Manager Green's performance of her official duties, and that the invalid UCC Financing Statement should be declared null and void. Plaintiff has also established that defendant should be permanently enjoined from filing non-consensual liens against employees of the United States.

#### 1. Void Financing Statement

Plaintiff seeks summary judgment on its claim under 26 U.S.C. § 7402. Section 7402(a) provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Section 7402 demonstrates "congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. United States*, 243 F.2d 378, 384 (1st Cir.), *cert. denied*, 354 U.S. 923 (1957). "[T]here need not be a showing that a party has violated a particular Internal Revenue Code section in order for an injunction to issue [under § 7402(a)]. The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. Edwards*, 2008 WL 1925243, at *3-5 (E.D. Cal. Apr. 30, 2008) (quoting *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984)).

"The United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984). Section 7402(a) empowers a district court "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent

6

taxes." *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th Cir. 1985).  Courts have recognized that bogus liens have been asserted "to harass IRS employees and deter them from enforcing the tax laws. The tax protestors, while claiming to act in the interests of freedom and personal liberty, use this weapon to harass private individuals in their private lives, as part of the tax protestors' campaign." *United States v. Van Dyke*, 568 F. Supp. 820, 821 (D. Or. 1983).  Such liens "threaten substantial interference with the administration and enforcement of the internal revenue laws and are calculated to molest, interrupt, hinder and impede officials of the Internal Revenue Service in the good faith performance of their official duties as employees of the government of the United States." *United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983).

Under applicable California law, a lien is created by a contract between the parties or by operation of law.  Cal. Civ. Code § 2881.  Under California Commercial Code section 9203(b)(3)(A), a security interest in personal property is created by a security agreement between a debtor and secured party.  "In the absence of a valid security agreement, a financing statement does not create an enforceable security interest." *In re Wes Dor, Inc*., 996 F.2d 237, 239 n.2 (10th Cir. 1993).

Here, there is no genuine issue of material fact regarding whether defendant has interfered with the administration and enforcement of the internal revenue laws by filing an invalid UCC Financing Statement in retaliation for Program Manager Green's performance of her official duties.  Green's name was automatically listed on correspondence mailed from the Ogden Compliance Services Center to Defendant Thomas and has had no contact with Thomas outside the scope of her official duties. *See* 26 U.S.C. §§ 6321, 6322 and 6331(a) (establishing that the Internal Revenue Service has been specifically authorized by Congress to collect outstanding federal tax liabilities).  Daniel Thomas then retaliated against Green personally for her actions on behalf of the United States by filing a false UCC Financing Statement as to Green. Plaintiff has submitted the declaration of Program Manager Green as evidence that no security

1 agreement or debtor relationship exists between her and defendant, and defendant has failed to
2 rebut that evidence.

3 Therefore, § 7402 authorizes this Court to declare the financing statement null and void,
4 and it is. *See, e.g., Ryan v. Bilby*, 764 F.2d at 1327 (holding that (1) § 7402(a) empowers the
5 district court to "void common-law liens imposed by taxpayers on the property of government
6 officials assigned to collect delinquent taxes," and (2) the district court thus had jurisdiction to
7 release "baseless" "common-law liens" against judge, magistrate judges, and attorneys involved
8 in taxpayer's prosecution for failure to file tax returns); *Cook v. Peter Kiewit Sons Co.*, 775 F.2d
9 1030, 1034-37 (9th Cir. 1985); *United States v. Edwards*, 2008 WL 1925243, at *3-5 (voiding
10 sham UCC financing statements filed by taxpayer, and permanently enjoining taxpayer from
11 filing any document or instrument purporting to create non-consensual liens or encumbrances
12 against employees of the United States); *United States v. Tarantino*, 2007 WL 2062930, at *1
13 (E.D. Cal. July 16, 2007) (adopting magistrate judge's recommendation to (1) void UCC
14 financing statements filed by taxpayer against IRS employees, and (2) permanently enjoin
15 taxpayer from filing any documents or instruments of that kind against any employee of the
16 federal government); *United States v. Dutson*, 2007 WL 934726, at *1 (E.D. Cal. Mar. 27, 2007)
17 (same); *United States v. Roy*, 2007 WL 614002, at *1 (E.D. Cal. Feb. 27, 2007) (same); *United*
18 *States v. Molen*, 2007 WL 587198, at *1 (E.D. Cal. Feb. 26, 2007) (same).

19        2. <u>Injunctive Relief</u>

20 Plaintiff also seeks a permanent injunction prohibiting defendant from filing any
21 document or instrument which purports to create a non-consensual lien or encumbrance against
22 the person or property of an employee or officer of the United States of America. Under § 7402,
23 district courts have jurisdiction to issue injunctions "as may be necessary or appropriate for the
24 enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). "The requirements for the
25 issuance of a permanent injunction are (1) the likelihood of substantial and immediate
26 irreparable injury, and (2) the inadequacy of remedies at law." *Montana v. BNSF Ry. Co.*, 623

F.3d 1312, 1317, n.3 (9th Cir. 2010) (quoting *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003)).[3] Additionally, "[i]n cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff." *Fund for Animals v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

Here, the undersigned finds that defendant engaged in conduct subject to injunction under § 7402 and that the United States will likely suffer irreparable harm in the absence of an injunction prohibiting defendant from filing non-consensual liens or encumbrances against United States employees. Absent an injunction, defendant will likely continue to violate § 7402 and interfere with the enforcement and administration of the internal revenue laws, especially since defendant has not acknowledged that the UCC Financing Statement he filed was frivolous, and instead made his offer to cooperate with the government in this action and to release the lien against Green contingent upon "proof of discharge by the Debtor in the form of a RELEASE OF FEDERAL TAX LIENS and/or Paid in Full Receipt" and/or the return of his "original signature instruments." *See* Dckt. Nos. 27, 29. That defendant is attempting to use the filing of a UCC Financing Statement as a means to discourage an IRS employee from performing her job is manifested by defendant's attempt to use it as a means to obtain release of his tax obligations. Without the permanent injunction plaintiff seeks, IRS employees like Green are likely to face substantial and immediate irreparable injury (personal distress, clouding of title to property they own, and/or damaging their credit ratings), and their ability to discharge their official duties to collect federal taxes will be interrupted and/or hindered. *See United States v. Edwards*, 2008 WL 1925243, at *4 (finding that the defendant's filing of frivolous UCC Financing Statements

---

[3] Although it is unclear in the Ninth Circuit whether plaintiff must only meet the criteria set forth in § 7402(a) to merit injunctive relief or whether plaintiff must also establish the traditional equitable factors for an injunction, *see, e.g., United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (finding, with regard to I.R.C. § 7408, that the "traditional requirements for equitable relief need not be satisfied since [the statute] expressly authorizes the issuance of an injunction"), the equitable requirements for the issuance of a permanent injunction are met here.

caused irreparable harm, and stating that "Government employees deserve protection from [these] reckless, frivolous filings."); *United States v. Van Dyke*, 568 F. Supp. 820, 822 (D. Or. 1983) (defendant's actions "in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government with whom these tax protestors quarrel"). Apart from an injunction, the United States has no means, civilly, of stopping defendant from filing frivolous liens against Green or other government employees. Further, because the UCC Financing Statement is without factual or legal basis defendant will not be injured by an injunction which provides that he cannot record similar non-consensual liens or encumbrances in the future. Additionally, the public's interests in fair administration of federal tax laws and prevention to abuse and harass government employees supports the imposition of the permanent injunction plaintiff seeks. Accordingly, the Court finds that the permanent injunction that plaintiff seeks under § 7402 is necessary and appropriate for the enforcement of the internal revenue laws, and will recommend that it be granted.

III. CONCLUSION

Based on the foregoing findings of fact, and the authority of this court pursuant to 26 U.S.C. § 7402, IT IS HEREBY ORDERED that the January 5, 2011 hearing on plaintiff's motion for summary judgment, Dckt. Nos. 23 and 26, is vacated.

IT IS FURTHER RECOMMENDED that

1. Plaintiff's motion for summary judgment, Dckt. No. 23, be granted;

2. The UCC Financing Statement at issue (number 09-7213853957) be declared null, void, and without legal effect;

3. Plaintiff's request for permission to submit a proposed order of nullification suitable for filing with the Secretary of State of California be granted;

4. Defendant be immediately and permanently enjoined from filing any document or instrument which purports to create a non-consensual lien or encumbrance against the person or property of an employee or officer of the United States of America; and

1     5. The Clerk be directed to enter judgment for plaintiff and close this case.

2     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11